UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-463-GWU

HUBERT REAVIS,                                              PLAINTIFF,

VS.                          **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                       DEFENDANT.

**INTRODUCTION**

Hubert Reavis brought this action to obtain judicial review of an unfavorable

administrative decision on his application for Disability Insurance Benefits (DIB) and

for Supplemental Security Income (SSI).  The case is before the Court on cross-

motions for summary judgment.

**APPLICABLE LAW**

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial

review of Social Security disability benefit cases:

1.    Is the claimant currently engaged in substantial gainful activity?
      If yes, the claimant is not disabled.  If no, proceed to Step 2.
      See 20 C.F.R. 404.1520(b), 416.920(b).

2.    Does the claimant have any medically determinable physical
      or mental impairment(s)?  If yes, proceed to Step 3.  If no, the
      claimant is not disabled.  See 20 C.F.R. 404.1508, 416.908.

3.    Does the claimant have any severe impairment(s)--i.e., any
      impairment(s) significantly limiting the claimant's physical or
      mental ability to do basic work activities?  If yes, proceed to

1

06-463 Reavis

Step 4.  If no, the claimant is not disabled.  <u>See</u> 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4.   Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months?  If yes, proceed to Step 5.  If no, the claimant is not disabled.  <u>See</u> 20 C.F.R. 404.920(d), 416.920(d).

5.   Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled.  If no, proceed to Step 6.  <u>See</u> 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.   Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.  If no, proceed to Step 7.  <u>See</u> 20 C.F.R. 404.1520(e), 416.920(e).

7.   Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.  <u>See</u> 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  <u>Jones v. Secretary of Health and Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial

2

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. Section 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford

4

06-463 Reavis

or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

5

06-463 Reavis

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.  In such cases, the agency may be required to consult a vocational specialist.  Damron v. Secretary, 778 F.2d

6

279, 282 (6th Cir. 1985).   Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.   Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Reavis, a 38 year-old former stocker[1] with a marginal education, suffered from impairments related to obesity, vascular necrosis of the right hip, nicotine abuse, low back pain secondary to degenerative disc disease with a disc bulge, osteoarthritis of the right knee, osteoporosis and being status post shoulder surgery.  (Tr. 14, 16).  While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of sedentary level work.  (Tr. 15-16).  Since the available work was found to constitute a significant number of jobs in the national economy, the plaintiff could not be considered totally disabled.  (Tr. 17-18).  The ALJ based this decision, in large part, upon the testimony of a vocational expert.  (Tr. 17).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the Court

---

[1]The ALJ also noted that the plaintiff testified to selling marijuana.  (Tr. 16).

06-463 Reavis

must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert Daryl Martin included an exertional limitation to sedentary level work along with such non-exertional limitations as (1) the need for a sit/stand option with no prolonged standing or walking for more than 45 minutes; (2) an inability to ever operate foot controls or push and pull with the lower extremities; (3) an inability to ever balance and climb ladders, ropes or scaffolds; (4) an inability to more than occasionally stoop, kneel, crouch, crawl or climb ladders and stairs; (5) an inability to more than occasionally reach or work with the left hand or shoulder overhead; (6) a need to avoid exposure to dust, gases, fumes, temperature extremes, excess humidity, concentrated vibration, or industrial hazards.  (Tr. 163-164).  In response, the witness identified a significant number of jobs which could still be performed.  (Tr. 164).  Therefore, assuming that the vocational factors considered by the ALJ fairly depicted Reavis's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

The hypothetical factors fairly depicted Reavis's condition as required by Varley.  The question was essentially consistent with the numerous physical limitations reported by Sudideb Mukherjee (Tr. 96-105) and Dr. Parandhamulu Saranga (Tr. 120-128), the non-examining medical reviewers.  More severe functional restrictions were not identified by such treating and examining physicians as Dr. Stephen Nutter (Tr. 89-95) and Dr. Anne Wesson (Tr. 106-119, 129-133).

8

The only specific limitations on his activities indicated by Dr. Wesson, the treating doctor, were a need to quit smoking and lose weight. (Tr. 114). Dr. Wesson at one point even stated that "overall, he is doing fine." (Tr. 133). Therefore, substantial evidence supports the ALJ's findings.

Reavis argues that the ALJ erred in finding that he could still perform sedentary level work. However, as previously noted, this finding was based on the opinions of medical reviewers and these opinions were not contradicted by the examining sources. Therefore, the Court must reject the plaintiff's argument.

Reavis asserts that he should have been found to be totally disabled because of his severe limitations on reaching. He cites Social Security Ruling 85-15 which states that reaching and handling are activities in almost all jobs and a limitation in this area could eliminate a large number of occupations. However, the Court notes that the ALJ did include a limitation on reaching overhead in the hypothetical question and the vocational expert still identified a significant number of jobs which would be available. Therefore, the Court must reject the plaintiff's argument.

The Court notes in passing that the time periods pertinent to Reavis's DIB and SSI claims were very different. The plaintiff alleged an onset date of August 15, 1999 on his DIB application. (Tr. 41). The ALJ found that the plaintiff's DIB-insured status expired as of March 31, 2001. (Tr. 12). The claimant needed to prove he became disabled during this time frame to qualify for DIB. Reavis filed his SSI claim on May 26, 2005. (Id.). The proper inquiry in an application for SSI is whether the

06-463 Reavis

plaintiff was disabled on or after his application date.  <u>Casey v. Secretary of Health and Human Services</u>, 987 F.2d 1230, 1233 (6th Cir. 1993).

The undersigned notes that both medical reviewers indicated that the evidence was insufficient for them to determine Reavis's status during the time period prior to March 31, 2001.  (Tr. 105, 120).  The only treatment records submitted by the plaintiff were those from Dr. Wesson and these were all dated from April 2005 through January, 2006.  Dr. Nutter was the only other physician of record and he examined the claimant in August of 2005.  Reavis carried the burden of providing sufficient evidence to prove his disability claim and not the Commissioner. The claimant has presented no arguments that his condition was worse prior to March, 2001 than after.  Thus, no issue is presented.

The undersigned concludes that the administrative decision should be affirmed.  Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 6th day of July, 2007.



**Signed By:**

<u>**G. Wix Unthank**</u>

**United States Senior Judge**

10